## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No. CR-22-165-RAW** |
| **BRYAN UDALE JONES,** | |
| *Defendant.* | |

### UNITED STATES SENTENCING MEMORANDUM

**COMES NOW** the plaintiff, the United States of America, by and through Christopher J. Wilson, United States Attorney, and Nicole Paladino, Assistant United States Attorney, and respectfully requests this Honorable Court sentence the Defendant to 360 months imprisonment with lifetime supervised release for the count of conviction to which he pled.

### STATEMENT OF THE CASE

On January 10, 2023, the Defendant was charged in a ten-count Superseding Indictment for committing Aggravated Sexual Abuse of a Minor and Sexual Abuse of a Minor in Indian Country, among other things. (Doc. No. 37). On May 2, 2023, Defendant pled guilty to Count Eight of the Indictment for raping his biological daughter when she was under the age of twelve. (Doc. No. 54). As part of the plea agreement, Defendant admitted to similar conduct with several other victims. (Doc. No. 56). The conduct surrounding Count Eight occurred between May 2003 and April of 2010. (Doc. No. 37). Defendant has been detained since December 12, 2022. (Doc. No. 17). Based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range as calculated in the PSR is life imprisonment – in part because the Defendant admitted to abusing multiple additional victims in his plea allocution. (PSR ¶ 137). Counsel for both parties misapplied USSG

1

§1B1.2(c) when having the Defendant allocute for each of his victims, despite pleading to only one count with one victim. The intent of the United States in entering into the plea agreement with the Defendant was for the Defendant to be sentenced to a 360-month sentence.

## INTRODUCTION

The goal of sentencing is to achieve a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). In doing so, the Court must account for a variety of factors specific to the particular defendant and particular case. The framework for determining an appropriate sentence is set forth in § 3553(a). In particular, § 3553(a) requires that the court ensure the sentence imposed properly considers, among other factors: (1) the nature and circumstance of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to the victims of the offense.

## STATEMENT OF THE FACTS

Defendant admitted to sexually assaulting four different children under the age of twelve (12) as a part of his plea allocution. Victim 1, Defendant's niece, disclosed that the Defendant would use his mouth to perform oral sex on her beginning at age ten. He also penetrated her vagina with his fingers and would touch her vagina under her clothing. Defendant gave her a Blackberry cell phone, in exchange for which he asked her to send him nude photographs using the phone.  When Victim 1 did not send the photos, Defendant terminated the phone's service.

Victim 2 is Defendant's second cousin. Defendant is approximately thirty-seven (37) years older than Victim 2.  Defendant began to abuse Victim 2 when she was eight (8) and continued until she was twelve (12).  Every other weekend, Victim 2 would accompany Defendant to pick up Defendant's children from their mother's house in Neosho, Missouri.

Defendant would discuss sexual topics on these trips such as masturbation. Defendant ultimately graduated to sexually assaulting Victim 2, including licking her vagina and touching her vagina directly, under her clothing. Like Victim 1, Victim 2 was given a cellphone by the Defendant. In exchange for paying the monthly bill, Defendant directed Victim 2 to take sexually suggestive photographs and videos to send to him.  At the time of reporting, as an adult, Victim 2 located one of the phones she had kept since childhood and consented to the FBI searching it.  Agents located several instances of contraband on the phone and showed sanitized snapshots to Victim 2, who confirmed that she was the subject of the snapshots when she was a minor child.

Victim 3, named in Count Eight to which the Defendant pled, is Defendant's biological daughter.  Defendant began sexually abusing Victim 3 when she was approximately five (5) years old and continued until she was about twelve (12).  As with the other two female victims, Victim 3 said that Defendant started by touching and rubbing her vagina directly, underneath her clothing. Defendant would entice her to perform sexual acts with rewards, including money, clothing, makeup, and nail polish.  When she was around seven (7) years old, Defendant offered Victim 3 $50 for her to insert his penis into her mouth, which she did.  Victim 3 recalled instances in which Defendant would sexually assault Victim 3, Victim 2, and another cousin simultaneously.  Victim 3 corroborated Victim 2's account of Defendant having paid for Victim 2's phone in exchange for sexually suggestive photos and video, explaining that Defendant showed Victim 3 a picture of Victim 2's vagina on one occasion.

Victim 4 and Victim 4's family are friends with Defendant. Victim 4, who is 10 years of age, told his mother that when he was seven (7) or eight (8), Defendant took him on a fishing trip. During the trip, Defendant directed Victim 4 to pull Victim 4's pants down. Victim 4 complied, and Defendant pulled his own pants down. According to Victim 4, Defendant then leaned over Victim 4 and tried to put Defendant's mouth on Victim 4's "bad spot." Defendant was unsuccessful and Victim 4 told him to stop. Defendant reacted by ending the fishing trip and scolding Victim 4, "You could've earned yourself a phone." Victim 4 is substantially younger than Victims 1 through 3 and has no relation to them.

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

### I. The Nature and Circumstances of the Defendant's Crimes (18 U.S.C § 3553(a)(1))

The Defendant's criminal conduct is extremely serious and demands an appropriately serious sentence. The seriousness of his conduct had a formidable impact on each of his victims. The plea agreement in this case kept multiple victims who were sexually assaulted over several years from having to testify in court and confront their abuser. Having to testify in such a way would have caused irreversible trauma and further victimize already vulnerable victims. Defendant will be sixty-four (64) years old in May 2024. A sentence of 360 months at that age takes into consideration the seriousness of the offenses while saving the victims from the additional trauma of having to testify.

### II. The Defendant's History and Characteristics (18 U.S.C. § 3553(a)(1)); The Need to Reflect the Seriousness of the Offenses, Promote Respect for the Law, and Provide Just Punishment for the Offenses (18 U.S.C. § 3553(a)(2)(A)); The Need to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B)); The Need to Protect the Public from Future Crimes by the Defendant (18 U.S.C. § 3553(a)(2)(C))

Defendant was born on May 1, 1960, and is sixty-three (63) years old. Since his plea of guilty, he has been hospitalized for the placement of a pacemaker. A sentence of 360 months is effectively a life sentence given Defendant's age and medical quality of life. As such, the sentence is

4

appropriate and satisfies each of the aforementioned factors.

## III.   The Need to Avoid Sentencing Disparities (18 U.S.C. § 3553(a)(6))

The United States agrees with Defendant's assessment of the guidelines as to this point. The Government asserts that the statistical guidelines data is hard to interpret accurately because each case is so fact and victim specific; however, the Government agrees that a 360-month sentence in this case will not create a disparity.

## IV.   The Need to Provide Restitution to any Victims of the Offenses

The Presentence Report accurately reflects that there are no restitution requests in this case.

## <u>CONCLUSION</u>

The goal of sentencing is to achieve a sentence that is "sufficient but not greater than necessary" while considering a variety of factors specific to the particular defendant and particular case. The Defendant is a man who sexually assaulted multiple children. His incarceration is necessary for public safety. Based upon the Defendant's age and health, a 360-month sentence is effectively a life sentence and therefore, based on the § 3553(a) factors addressed above, is sufficient but not greater than necessary given all of facts surrounding this case.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/ Nicole Paladino
NICOLE PALADINO
AR BAR # 2017113
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
E-mail: Nicole.Paladino@usdoj.gov

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 4, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

       Richard L. Koller, Attorney for Defendant

s/ Nicole Paladino_____
NICOLE PALADINO
Assistant United States Attorney
